IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. WRIGHT, JR., E65871, | |
| Plaintiff(s), | No. C 12-4770 CRB (PR) |
| v. | ORDER OF DISMISSAL |
| MATTHEW CATE, et al., | |
| Defendant(s). | |

Plaintiff, a prisoner at the Correctional Training Facility in Soledad, California, has filed a pro se complaint under 42 U.S.C. § 1983 alleging that prison officials' refusal to allow him to consummate his marriage amounts to a substantial burden on the exercise of his religion. Docket # 1 at 3-4. Plaintiff also alleges that he presented the same claim and issue presented herein to the Monterey County Superior Court in a petition for a writ of habeas corpus and was denied relief on the ground that he failed to establish "that consummation of marriage is a precept of the Christian faith." Id. at 3. Plaintiff further alleges that the California Court of Appeal similarly denied relief and that the Supreme Court of California denied review. Id.

**DISCUSSION**

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." <u>Id.</u> § 1915A(b). Pro se pleadings must be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

B. <u>Legal Claim & Analysis</u>

It is well established that a plaintiff may not litigate a claim or issue under § 1983 in this court if he had a full and fair opportunity to litigate the claim or issue in the California state courts and there is a valid state court judgment on the merits. <u>See</u> <u>Takahashi v. Bd. of Trustees</u>, 783 F.2d 848, 850-51 (9th Cir. 1986) (citing <u>Slater v. Blackwood</u>, 15 Cal. 3d 791, 795 (1976)). Even prior state habeas proceedings may preclude a subsequent federal § 1983 action. <u>See</u> <u>Silverton v. Dep't of Treasury</u>, 644 F.2d 1341, 1347 (9th Cir. 1981) (state habeas proceeding preclude identical issue from being relitigated in subsequent federal § 1983 action). Because plaintiff already litigated the same claim and issue presented herein fully and fairly in the Monterey County Superior Court, California Court of Appeal and Supreme Court of California, he is barred from relitigating them in

2

1 | this court. See McClain v. Apodaca, 793 F.2d 1031, 1032-33 (9th Cir. 1986)
2 | (federal court may examine res judicata effect of prior judgment sua sponte).

### CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state claim under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED: Oct. 19, 2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.12\Wright, R.12-4770.dismissal.wpd

3